UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

MICHAEL PRICHARDA,                              :
                Plaintiff,               :
                                :
             v.                                  :      No.  5:22-cv-3180
                                :
CHECKR, INC.,                                   :
                Defendant.              :

_____

## O P I N I O N
**Defendant's Motion to Compel Arbitration and Stay Proceedings, ECF No. 15 – Granted**

**Joseph F. Leeson, Jr.**                                      **November 7, 2022**
**United States District Judge**

## I.      INTRODUCTION

Plaintiff Michael Pricharda filed a Complaint in the Court of Common Pleas of Berks County against Defendant Checkr, Inc., a consumer reporting agency, for allegedly providing false information about Pricharda in a background check provided to prospective employers. Checkr removed the action to this Court based on federal question jurisdiction, maintaining its assertion that Pricharda agreed to the Terms of Service on Checkr's website, which included an Arbitration Clause.  Defendant filed a Motion to Compel Arbitration and Stay Proceedings. Pricharda opposes the motion.  For the reasons set forth below, the Motion to Compel Arbitration and Stay Proceedings is granted, and the matter is stayed pending arbitration.

## II.      BACKGROUND

In July 2022, Pricharda instituted this action against Checkr, for allegedly providing false information about Pricharda in a background check given to prospective employers in violation

of the Fair Credit Reporting Act, among other claims.[1]  *See* Not. Remov. at Ex. A (Compl.)  ¶¶ 6, 7, & 17, ECF No. 1.  Checkr removed the action to this Court, based on the alleged Fair Credit Reporting Act violation.  Not. Remov. at p. 3.  Defendant subsequently filed a Motion to Compel Arbitration and Stay Proceedings, arguing that Pricharda agreed to Checkr's Terms of Service, which included an Arbitration Clause, when using Checkr's website. Mot. Compel.  Attached to the motion is the declaration of Jason Goodman, Checkr's Senior Staff Product Manager for Product & Engineering, stating that he reviewed and was familiar with Pricharda's consumer file and the Terms of Service as they existed at the time Pricharda used Checkr's website, and that Checkr identified Pricharda's use of Checkr's website through Pricharda's consumer file and IP address.  Mot. Compel, Goodman Dec. ¶¶ 5-9, ECF No. 15.  In his response,[2] Pricharda does not allege that he rejected the Arbitration Clause, but rather, asserts that the Terms of Service do not apply to him or, alternatively, are unconscionable and should not be enforced.  *See* Pl. Resp. ¶ 5, 7, ECF No. 16.

In or around May 2022, Checkr prepared a background report on Pricharda at the request of Pricharda's prospective employer, Alliance Marketing Partners.  *See* Compl. ¶¶ 5-7; Goodman Dec. ¶ 6.  In connection with this report, Pricharda accessed Checkr's "Candidate Portal" through its website on two occasions.  Goodman Dec. ¶ 6.  On both occasions, before Pricharda was granted access to the portal, he was required to enter personal identifying information, including his Social Security Number and date of birth, and he was presented with Checkr's Terms of Service.  *Id*.  On May 20, 2022, and June 7, 2022, Pricharda consented electronically to

---

[1]      Although the Fair Credit Reporting Act is not specifically mentioned as a cause of action in Pricharda's complaint, *pro se* pleadings are "liberally construed" by this Court.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[2]      Although titled a "Motion to Strike," *see* ECF No. 16, this Court views Pricharda's filing as a response in opposition to the motion to compel due to its substance.

the Terms of Service by clicking a box which read, "By checking this box, I agree to Checkr's

Terms of Service (set forth above)." Goodman Dec. ¶¶ 6, 8-9.

The Terms of Service contained an Arbitration Clause, providing the following:

> In exchange for the benefits of the speedy, economical, and
> impartial dispute resolution procedure of arbitration, You and
> Checkr mutually agree to give up our right to resolve disagreements
> in a court of law by a judge or jury, and, as described below, agree
> to binding and final arbitration pursuant to the Federal Arbitration
> Act, 9 U.S.C. § 1, *et seq.*

Mot. Compel, Ex. 2 ("TOS") at p. 15,[3] § 14, ECF No. 15.  In addition, a notice appeared in bold,

all capital letters in the first paragraph of the Terms of Service advising users of a binding

arbitration provision and class action waiver in the TOS.  TOS at p. 7.  A second paragraph also

appeared in all capital letters advising users that Section 14 of the Terms of Service required all

claims and disagreements to be resolved through binding arbitration.  *Id.*  The Arbitration Clause

also included a delegation clause, which explained that "disagreement about the arbitrability of

any Claim (including questions about the scope, applicability, interpretation, validity, and

enforceability of this arbitration agreement) . . . shall be delegated to the arbitrator (not a

court)[,]" and "the arbitrator shall have initial authority to resolve such threshold disagreements."

TOS at p. 15, § 14.  The Terms of Service informed Pricharda of his right to reject the

Arbitration Clause within thirty days, the details the written rejection notice must contain, and

the address to send the rejection notice. TOS at p. 17, § 14(H).

For the reasons set forth below, the Motion to Compel Arbitration and Stay Proceedings

is granted.

---

[3]      This Court uses the pagination assigned by the Electronic Filing System.

III.     **LEGAL STANDARDS**

    A.     **Motion to Compel Arbitration – Review of Applicable Law**

"It is well established that the Federal Arbitration Act (FAA), reflects a strong federal policy in favor of the resolution of disputes through arbitration." *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009) (internal quotations omitted). "Before compelling a party to arbitrate pursuant to the FAA, a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 522 (3d Cir. 2009).

"However, when an arbitration provision, by 'clear and unmistakable evidence,' contains a valid delegation clause, the court's inquiry is limited to the first step: determining whether a valid agreement to arbitrate exists." *Coulter v. Experian Info. Sols., Inc.*, No. 20-cv-1814, 2021 U.S. Dist. LEXIS 35175, at *9 (E.D. Pa. Feb. 25, 2021) (quoting *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019)). *See also MXM Constr. Co. v. N.J. Bldg. Laborers Statewide Benefit Funds,* 974 F.3d 386, 402 (3d Cir. 2020) ("[U]nder section [four] of the [Federal Arbitration Act], courts retain the primary power to decide questions of whether the parties mutually assented to a contract containing or incorporating a delegation provision."). Therefore, "if a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue." *Henry Schein, Inc.*, 139 S. Ct. at 530. Additionally, "unless the party opposing arbitration challenges the delegation provision specifically, the district court must treat it as valid and must enforce it by sending any challenge to the validity of the underlying arbitration agreement to the arbitrator." *MXM Constr. Co.*, 974 F.3d at 399 (citing *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010) ("Think of a

delegation provision as a mini-arbitration agreement within a broader arbitration agreement within a broader contract, something akin to Russian nesting dolls.") (cleaned up).

A "clickwrap" agreement is one that "appears on an internet webpage and requires that a user consent to any terms or conditions by clicking on a dialog box on the screen in order to proceed with the internet transaction." *Feldman v. Google, Inc*., 513 F. Supp. 2d 229, 236 (E.D. Pa. 2007) (citation omitted). "To determine whether a clickwrap agreement is enforceable, courts presented with the issue apply traditional principles of contract law and focus on whether the plaintiffs had reasonable notice of and manifested assent to the clickwrap agreement." *Lewis v. Nat'l Bd. of Osteopathic Med. Examiners, Inc*., No. 20-cv-4368, 2020 U.S. Dist. LEXIS 232062, at *10-11 (E.D. Pa. Dec. 10, 2020) (internal quotation and citation omitted). Courts in this district have regularly held "that 'clickwrap' agreements manifest sufficient agreement to the terms in the contract." *Dobbs v. Health IQ Ins. Servs*., No. 21-cv-5276, 2022 U.S. Dist. LEXIS 133182, at *8 (E.D. Pa. July 27, 2022) (citing *Zabokritsky v. JetSmarter, Inc*., No. 19-cv-273, 2019 WL 2563738, at *3 n.30 (E.D. Pa., 2019)). *See also Putt v. Tripadvisor Inc*., No. 20-cv-3836, 2021 U.S. Dist. LEXIS 12997, at *15 (E.D. Pa. Jan. 25, 2021) ("Clickwrap agreements are 'routinely enforced by the courts.'" (internal citation omitted)). When reviewing these routine internet transactions, "the occurrence of mutual assent ordinarily turns on whether the consumer had reasonable notice of the merchant's terms of service agreement." *Dobbs*, 2022 U.S. Dist. LEXIS 133182, at *8 (citing *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1177 (9th Cir. 2014)).

**B.      Motion to Compel Arbitration – Standard of Review**

In deciding whether to compel arbitration, a district may either employ the motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) or the motion for summary

judgment standard under Federal Rule of Civil Procedure 56. *See MacDonald v. Unisys Corp.*, 951 F. Supp. 2d 729, 732 (E.D. Pa. 2013). If arbitrability is not apparent on the face of the complaint or if the non-moving party has "come forth with reliable evidence that is more than a naked assertion . . . that it did not intend to be bound by the arbitration agreement, . . . the issue should be judged under the Rule 56 standard." *Guidotti v. Legal Helpers Debt Resolution L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) (internal quotations omitted). The summary judgment standard is also applied if the parties rely on factual evidence outside the pleadings in arguing that arbitration is or is not appropriate. *See Smeck v. Comcast Cable Communs. Mgmt., LLC*, No. 19-cv-3625-JMY, 2020 U.S. Dist. LEXIS 221526, at *8 (E.D. Pa. Nov. 25, 2020).

Here, arbitrability is not apparent on the face of the complaint and Checkr's motion is therefore evaluated under the summary judgment standard.

### C.     Motion for Summary Judgment under Rule 56 – Review of Applicable Law

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A disputed fact is "material" if proof of its existence or nonexistence might affect the outcome of the case under applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 257. The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts").

The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. *See also Antkowiak v. Taxmasters*, 455 F. App'x 156, 159 (3d Cir. 2011) (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000)) ("A party opposing a motion to compel arbitration bears the burden of proving the arbitration clause unenforceable."). The court must consider the evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). *See also Antkowiak*, 455 F. App'x at 159 ("All reasonable inferences from the evidence are to be granted to the party opposing arbitration.").

## IV.   DISCUSSION

For the following reasons, the Motion to Compel Arbitration is granted. First, the Court finds there was an agreement to arbitrate: the Terms of Service - a clickwrap agreement. Pricharda's assent to the clickwrap agreement is sufficient to indicate his intent to be bound by the Terms of Service. Although Pricharda argues that the Terms of Service did not apply to him or, in the alternative, were unconscionable,[4] Pricharda does not dispute using Checkr's website or manifesting assent to the Terms of Service by clicking "I agree." Moreover, Pricharda's

---

[4]     Notably, Pricharda does not specifically mention the Terms of Service at issue, but argues that "[a]ny language that may exist by and between ShiftSmart app and Checkr Inc are terms and conditions pertinent to their contract together, but that relationship does not extend to the consumer and if any language like that may exist in provisions extended to the consumer, that language must be found to be unconscionable[.]" Pl. Resp. ¶ 7. The Court interprets Pricharda's argument as one generally contesting the enforceability of the Terms of Service as to him.

"conclusory statement that he did not enter into any agreement with [Checkr] is insufficient to create an issue of material fact." *See Dobbs,* 2022 U.S. Dist. LEXIS 133182, at *11. Most significantly, Pricharda was reasonably on notice of the Terms of Service when he assented to the clickwrap agreement, which alerted him to the presence of the Arbitration Clause in bold and all capital lettering at the very beginning of the Agreement. Accordingly, this Court finds that Pricharda assented to Checkr's Terms of Service and, in doing so assented to the Arbitration Clause contained within. As a result, the parties entered into a valid arbitration agreement, and this matter must be referred to arbitration.

Second, the Court finds that Pricharda agreed to delegate issues of arbitrability to the arbitrator. Although Pricharda argues that the Terms of Service is unconscionable and challenges its validity as a whole, nowhere in his opposition to Checkr's motion does Pricharda mention the delegation provision, let alone specifically argue it is unenforceable or unconscionable. Therefore, without a specific challenge to the delegation provision, this Court is required to treat the provision as valid and enforce it pursuant to section four of the Federal Arbitration Act. Accordingly, pursuant to the language in the Terms of Service requiring questions of arbitrability to go to arbitration, Pricharda's unconscionability challenges are for the arbitrator to decide, not this Court.

Accordingly, this Court finds that Pricharda assented to Checkr's Terms of Service and, in doing so assented to the Arbitration Clause contained therein. As a result, the parties entered into a valid arbitration agreement, and this matter must be referred to arbitration.

## V.    CONCLUSION

Pricharda voluntarily assented to Checkr's clickwrap Terms of Service, which contained a valid arbitration agreement. Because of the enforceable delegation clause contained within the

clickwrap agreement and Pricharda's failure to challenge the delegation clause itself, his arguments about arbitrability and unconscionability must also be arbitrated.  Checkr's Motion to Compel Arbitration is therefore granted, and the above-captioned case is stayed pending resolution of arbitration.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge